UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| MAX SHAW, personal representative for the Estate of SANDRA SHAW, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CV-09-264-B-W |
| 500516 N.B. LTD., d/b/a STEWART'S TRANSFER, and ADAM TOMPKINS, | ) ) ) ) | |
| Defendants. | ) | |

**ORDER ON MOTION FOR DEFAULT JUDGMENT**

Before proceeding to a motion for default judgment, the Court, acting *sua sponte*, requires counsel to provide further documentation that he has properly effected service of process on a Canadian corporation and on a Canadian citizen by delivering a summons and complaint to a Maine attorney.

**I.    STATEMENT OF FACTS**

On June 19, 2009, Max Shaw, as personal representative of the Estate of Sandra Shaw, filed a complaint in this Court against 500516 N.B. LTD. d/b/a/ Stewart's Transfer (NB) and Adam Tompkins, alleging that on June 26, 2007 Ms. Shaw died as a consequence of the negligence of Mr. Tompkins, who was then acting within the scope of his employment with NB, and seeking damages both from NB and Mr. Tompkins under wrongful death, conscious pain and suffering, and survival action theories. *Compl.* (Docket # 1). The Complaint alleges that Mr. Shaw is a resident of Presque Isle, Maine, that NB is a Canadian trucking corporation with a principal place of business in Perth-Andover, New Brunswick, and that Mr. Tompkins is a citizen of Canada and resident of Tilley, New Brunswick. *Id.* ¶¶ 3-4, 7.

On July 2, 2009, Mr. Shaw filed two return summonses. *Summons* (Docket #'s 5, 6). The first summons contains a proof of service sworn to by a deputy sheriff which reads in part:

> I served the summons on *(name of individual)* <u>Lawrence A. Lunn Esq. (Agent)</u>, who is designated by law to accept service of process on behalf of *(name of organization)* <u>500516 NB LTD D/B/A Stewart's Transfer</u> on <u>6-26-09</u>.

*Summons* (Docket # 5). The second summons contains a proof of service again sworn to by a deputy sheriff which reads in part:

> I served the summons on *(name of individual)* <u>Lawrence A. Lunn Esq. (Agent)</u>, who is designated by law to accept service of process on behalf of *(name of organization)* <u>500516 NB LTD D/B/A/ Stewart's Transfer</u> on <u>6-26-09</u>.

*Summons* (Docket # 6).

Neither NB nor Mr. Tompkins has answered or otherwise defended the lawsuit and on July 16, 2009, the Plaintiff moved for default judgment against each Defendant. *Mot. for Default and Default J. Against Defs.* (Docket # 7) (*Pl.'s Mot.*). The Clerk entered default on July 16, 2009 as to each Defendant and the matter is ripe for default judgment. *Order Granting Mot. for Entry of Default* (Docket # 9).

## II. DISCUSSION

Before entering a default judgment, the Court has an affirmative duty to assure itself that it has jurisdiction over both the subject matter and the parties.[1] *Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001); *Estates of Ungar v. Palestinian Auth.*, 304 F. Supp. 2d 232, 247 (D.R.I. 2004); *Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A.*, 290 F.3d 42, 50 (1st Cir. 2002) ("To hear a case, a court must have personal jurisdiction over the parties, 'that is, the power to require the parties to obey its decrees.'" (quoting *United States v. Swiss Am. Bank, Ltd.*, 191 F.3d 30, 35 (1st Cir. 1999))).

---

[1] By contrast, once a party has entered an appearance and waived the issue of personal jurisdiction, a court may not *sua sponte* raise the issue. *Uffner v. La Reunion Francaise, S.A.*, 244 F.3d 38, 40-41 (1st Cir. 2001).

2

### A.     Service of Process on Adam Tompkins

The allegations in the Complaint and the facts on the Summons raise a question as to whether service of process on Adam Tompkins is effective.  Mr. Tompkins is a resident of New Brunswick, Canada, and would presumably be subject to service of process in accordance with Rule 4(f), which addresses serving an individual in a foreign country.  Fed. R. Civ. P. 4(f).  But, Mr. Shaw has not elected to proceed in that fashion.  Instead, he has served Mr. Tompkins under Rule 4(e), which addresses serving an individual within a judicial district of the United States.  Fed. R. Civ. P. 4(e).  Rule 4(e) provides that

> an individual . . . may be served in a judicial district of the United States by:  (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the following:  (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

*Id.*  Regarding Rule 4(e)(1), Mr. Shaw served Mr. Tompkins by delivering a copy of the summons and complaint to his purported agent, and to this extent, Maine law and federal law are congruent.  *Compare* Me. R. Civ. P. 4(d)(1), *with* Fed. R. Civ. P. 4(e)(2)(C).  Mr. Shaw did not serve Mr. Tompkins personally under Rule 4(e)(2)(A), nor did he leave a copy of the complaint and summons at Mr. Tompkins's usual place of abode under Rule 4(e)(2)(B).

The question narrows to Rule 4(e)(2)(C), which addresses service upon an agent, and whether Mr. Shaw properly served Mr. Tompkins, who is employed by NB, by delivering a copy of the complaint and summons to Attorney Lunn.  Generally, Attorney Lunn's status as an agent for NB would not be sufficient to establish his agency for service of process on one of NB's employees.  *See* 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1097, at 536-39 (3d ed. 2002) ("The cases dealing with agency by appointment indicate that an

3

actual appointment for the specific purpose of receiving process normally is expected. . . . Thus, . . . even the defendant's attorney probably will not be deemed an agent appointed to receive process absent a factual basis for believing that an appointment of that type has taken place"); *see also Williams v. Jones*, 11 F.3d 247, 251 (1st Cir. 1993) ("'Service of process is not effectual on an attorney solely by reason of his capacity as an attorney, [but] the party must have appointed his attorney as his agent for service of process.'" (quoting *Durbin Paper Stock Co. v. Hossain*, 97 F.R.D. 639, 639 (S.D. Fla. 1982))).

The Plaintiff's motion for default judgment makes the blanket assertion that service was effected upon "Defendants' designated and authorized agent, Lawrence Lunn, Esq. of the law firm Hall & Lunn." *Pl.'s Mot.* at 1. The motion is accompanied by an affidavit by Peter Clifford, attorney for the Plaintiff, in which Mr. Clifford avers that "Defendants 500516 N.B. LTD. d/b/a Stewart's Transfer and Adam Tompkins were served with a copy of the Complaint and Notice of Lawsuit, through an authorized and designated agent, Lawrence Lunn, Esq. of the Bangor law firm Hall & Lunn on June 26, 2009." *Pl.'s Mot.* at Attach 1 ¶ 3 (Docket # 7-2) (*Clifford Aff.*).

In view of the general rule that an attorney or agent for an employer is not "an agent authorized by appointment or by law to receive service of process" for an employee within the meaning of Rule 4(e)(2)(C), the Court requires a more detailed explanation from Plaintiff's counsel as to the basis for his assertion that Mr. Tompkins designated Attorney Lunn as his agent for service of process.[2]

---

[2] The Complaint refers to Mr. Tompkins as NB's employee, but it also says that he was "a duly authorized agent, contractor, or servant." *Compl.* ¶ 6. If Mr. Tompkins was not actually employed by NB and was instead an agent or contractor, it is more questionable whether service upon NB's agent is effective as service upon Mr. Tompkins.

4

### B.  Service of Process on NB

Mr. Shaw may have effected service upon NB.  Rule 4(h) allows for service on a foreign corporation by delivering a copy of the summons and complaint "to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process."[3]  Fed. R. Civ. P. 4(h)(1)(B).  Under Maine law, a foreign corporation which is authorized to do business in the state of Maine must file an annual report which states the name of its registered agent.  13-C M.R.S.A. § 1621(1)(B); 5 M.R.S.A. § 105(1).  In his affidavit, Mr. Clifford avers that Mr. Lunn is NB's "authorized and designated agent."  *Clifford Aff.* ¶ 3.  It may be that Attorney Lunn is the registered agent for NB in the state of Maine and Mr. Clifford's statement is referring to his state status.  Alternatively, there may be some other basis for Mr. Clifford's assertion, since the Complaint also refers to NB's United States Department of Transportation number.  *Compl.* ¶ 5.  For the moment, however, Mr. Lunn's status as regards NB is inexact.

### III.  CONCLUSION

The Court ORDERS Plaintiff's counsel within ten days of the date of this Order to file additional documentation to establish the bases for his statements that Attorney Lawrence Lunn is the authorized and designated agent for 500516 N.B. LTD. and for Adam Tompkins.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 21st day of July, 2009

---

[3] Rule 4(h)(1)(A) references Rule 4(e)(1), which incorporates state law, which is consistent with the federal rule.  *Compare* Me. R. Civ. P. 4(d)(9), *with* Fed. R. Civ. P. 4(h)(1)(B).